46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles E. SELMON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-7058.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Charles Selmon appeals the district court's affirmance of the decision of the Secretary of Health and Human Services denying plaintiff's application for supplemental social security income (SSI) benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291, and affirm.
 
 
 4
 Plaintiff raises several challenges to the Secretary's decision denying benefits at step five of the sequential analysis. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing the five steps in detail). Plaintiff argues that the Secretary incorrectly analyzed plaintiff's allegations of pain under Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), and that, due to his problems bending, sitting, standing, walking, and breathing, he cannot perform a full range of medium work.
 
 
 5
 Plaintiff also raises three arguments concerning the administrative law judge's (ALJ) reliance on testimony from a vocational expert (VE). First, plaintiff contends that the ALJ failed to include all of plaintiff's limitations in the hypothetical questions the ALJ propounded to the VE. Second, plaintiff argues that the ALJ erred in considering two of the jobs identified by the VE because the VE testified that plaintiff's prior felony conviction would "impact" his ability to obtain those jobs. Finally, plaintiff maintains that the ALJ erred in relying on the VE's testimony as evidence that plaintiff was not disabled because the number of jobs that the VE testified plaintiff could perform was not a "significant number."
 
 
 6
 "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). The Secretary determined that plaintiff's ischemic heart disease, chronic obstructive pulmonary disease, and degenerative disk disease of the cervical and lumbar spine constituted severe impairments which, in combination, would prevent plaintiff from performing a full range of medium work. The Secretary further concluded, however, that a significant number of jobs existed in the national and regional economy that plaintiff could perform, despite his impairments.
 
 
 7
 Based upon our careful review of the record, the parties' briefs, and the pertinent law, we conclude the Secretary applied the correct legal standards and that her decision denying plaintiff SSI benefits is supported by substantial evidence. Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470